**Louis FIDANZA, Sr. and Patricia A. Fidanza, individually and as parents and natural guardians of Louis Fidanza, Jr. and Andrea Fidanza, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION,**

v.

**Louis FIDANZA, Sr. and Patricia Fidanza.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1995.
Decided March 7, 1995.

John F. McKenna, for appellants.

Theodore J. Chylack, Sr. Deputy Atty. Gen., for appellee.

Before COLINS, President Judge, and PELLEGRINI, J., and LORD, Senior Judge.

PELLEGRINI, Judge.

Louis Fidanza, Sr. and Patricia A. Fidanza (the Fidanzas), individually and as parents and natural guardians of Louis Fidanza, Jr. and Andrea Fidanza, appeal an order of the Court of Common Pleas of Chester County (trial court) granting the motion for summary judgment filed by the Commonwealth of Pennsylvania, Department of Transportation (PennDot).

The facts of this case are not in dispute. On December 24, 1986, Patricia Fidanza, accompanied by her minor children, Louis and Andrea, was driving her car in a southerly direction on Pennsylvania Route 841 when she was forced off the roadway by an oncoming car that was travelling in a northerly direction on Pennsylvania Route 841 and had crossed over into her lane of traffic. After the Fidanzas' car left the roadway, it encountered used highway materials[1] that caused the car to slide out of control and strike a tree. After hitting the tree, the car then slid down an embankment until it reached its final resting place in a creek bed. Patricia Fidanza and her two children suffered numerous injuries as a result of that accident.

On May 1, 1989, the Fidanzas filed an amended complaint[2] against PennDot seeking damages based on allegations that the accident was caused solely by PennDot's carelessness, recklessness and negligence. Specifically, the complaint alleged that PennDot was negligent for:

• failure to provide a shoulder on said roadway for the use of motorists in an emergency situation;

• in the alternative, failure to properly design and construct the shoulder of said roadway because of the design and/or construction of the shoulder it prevented the Plaintiff's motor vehicle from re-entering the travelled surface of Pa. Rt. 841;

• failure to install and/or reinstall guardrails following construction of a bridge on Pa. Rt. 841 near the scene of the accident along with the adjacent roadway;

• failure to make repairs to Pa. Rt. 841 which would make the roadway safe for motorists lawfully on same;

• depositing used highway material adjacent to the travelled portion of the roadway, causing a condition which prevented the Plaintiff's motor vehicle from re-entering the travelled surface of Pa. 841; and

• violating the laws, statutes and regulations of the Commonwealth of Pennsylvania regarding the maintenance of state highways.

PennDot filed an answer and new matter raising the defense of sovereign immunity pursuant to 42 Pa.C.S. § 8522. It also filed a motion for summary judgment, alleging that the conduct of both the on-coming car and Patricia Fidanza were outside the scope of its duty, and that the injuries suffered by the Fidanzas were, at best, merely facilitated by any action and/or non-action on the part of PennDot. The trial court, relying on this court's holding in *Buschman v. Druck,* 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991), *petition for allowance of appeal denied,* 532 Pa. 666, 616 A.2d 986 (1992), denied PennDot's motion because it determined that there were no allegations that the other defendant, presumably the driver of the other car, was engaged in criminal conduct that would be a superseding cause.

PennDot filed a second motion for summary judgment arguing that it was immune from suit because the real estate exception to immunity found at 42 Pa.C.S. § 8522 did not apply. Specifically, it stated that Commonwealth realty did not cause the accident, but instead, was caused by a third-party vehicle that forced the Fidanzas off of the road. The trial court, this time relying on our holding in *Babcock v. Department of Trans-*

---

1. In PennDot's answers to interrogatories, PennDot stated that it was responsible for depositing used highway materials on Route 841 consisting of salt, cinders, and anti-skid materials such as small amounts of gravel.

2. The original complaint was filed on December 22, 1988.

*portation,* 156 Pa.Commonwealth Ct. 69, 626 A.2d 672 (1993), *petition for allowance of appeal denied,* 536 Pa. 647, 639 A.2d 33 (1994), noted that for the real estate exception to sovereign immunity to apply, the dangerous condition had to cause the injury and had to derive, originate from or have as it source the Commonwealth realty. Because the trial court found that the accident was caused by the on-coming car rather than Commonwealth real estate which merely facilitated the accident, it granted PennDot's motion for summary judgment. This appeal by the Fidanzas followed.[3]

The Fidanzas contend that the trial court erred by granting PennDot's motion for summary judgment because there was a genuine issue of material fact yet to be resolved.[4] Specifically, they argue that there is a disputed issue as to whether the improper shoulder, materials deposited on the roadway and lack of guardrails constituted a dangerous condition of the Commonwealth real estate which caused their injuries, thereby precluding the trial court from granting PennDot's motion for summary judgment.

### I.

Pursuant to Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, in order for a plaintiff to maintain an action against a Commonwealth party for damages arising out of a negligent act, the plaintiff must show that (1) the damages would be recoverable under the common law or under a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity, and (2) that the injury falls within one of the exceptions to sovereign immunity. Addressing first whether the Fidanzas would be able to recover under common law regardless of any third-party liability, the Fidanzas alleged that PennDot had a general duty to provide a safe highway because it was responsible for the design, construction, maintenance and repair of Route 841. They further alleged that its failure to provide a safe highway was negligent and the cause of their injuries.

As in the Fidanzas' complaint, the most frequent common law cause of action brought against a governmental party is negligence, and is established by meeting the following elements:

● A *duty or obligation* recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

● A failure on his part to conform to the standard required;

● A reasonably close causal connection between the conduct and the resulting injury; and

● Actual loss or damage resulting to the interests of another.

*Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987).

Addressing whether a municipality could be held liable at common law for the dangerous condition of a highway, presaging by 50 years its holding in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), our Supreme Court in *Good v. City of Philadelphia,* 335 Pa. 13, 6 A.2d 101 (1939), held that although it was not an insurer against all defects in the highway, a governmental party was required to maintain its streets in a reasonably safe condition for travel. It further stated that except for faulty construction work on its part, the liability of the municipality for injuries suffered as a result of defects in the highway arose only when it had either actual or constructive notice of the dangerous condition. The court continued to explain that

---

**3.** Our scope of review from the trial court's grant of PennDot's motion for summary judgment is limited to determining whether the trial committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993).

**4.** A motion for summary judgment is properly granted only where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). We must examine the record in the light most favorable to the non-moving party, resolving all doubts against the moving party. *Kerns v. Methodist Hospital,* 393 Pa.Superior Ct. 533, 574 A.2d 1068 (1990). We also must accept as true all well-pleaded facts. *Matthew–Landis Company, Inc. v. Housing Authority of the County of Chester,* 240 Pa.Superior Ct. 541, 361 A.2d 742 (1976).

before a municipality could be charged with constructive notice of the dangerous condition of a roadway, that condition had to be apparent upon reasonable inspection. *See also Department of Transportation v. Phillips,* 87 Pa.Commonwealth Ct. 504, 488 A.2d 77 (1985).

Accordingly, if the Fidanzas can establish that PennDot had actual or constructive notice that a dangerous condition existed because there were improper shoulders, no guardrails and/or the debris on the side of the road could cause the car to continue sliding, then they would have a cause of action against PennDot at common law.[5]

## II.

■ Addressing the issue of PennDot's liability based on the actions of the other driver crossing into their lane of traffic, whether the Fidanzas would have a cause of action against PennDot as a joint tortfeasor is determined by our Supreme Court's recent decision in *Powell v. Drumheller,* — Pa. —, 653 A.2d 619 (1995). In *Powell,* our Supreme Court held that PennDot was not relieved from liability simply because another concurring cause was also responsible for producing injury. It stated that in determining whether PennDot had a common law duty to protect the public, the focus was not to be on the criminal nature of the third-party's negligent act, but on whether the third-party's action was so extraordinary as not to be reasonably foreseeable by PennDot. It then held that whether an action was so extraordinary was a question for the jury to decide.

Applying the Supreme Court's holding in *Powell* to this case, we will have to remand the case so that a jury can determine whether the other driver's action of crossing over into the Fidanza's lane of traffic was so extraordinary as to be unforeseeable to Penn-Dot, thus absolving it of all liability. If the jury was to determine that the other driver's action was extraordinary and unforeseeable

to PennDot, then the Fidanzas would not have a cause of action against PennDot because PennDot would be absolved of any liability. To the contrary, if the jury was to determine that the other driver's action was not extraordinary and was foreseeable to Penndot, PennDot could be jointly liable with that driver and the Fidanzas could continue to maintain their action against PennDot.

## III.

■ Because the Fidanzas could maintain an action at common law against PennDot and thus have met the first prong of the two requirements set forth in 42 Pa.C.S. § 8522 of the Judicial Code, we must determine whether their injuries fell within one of the exceptions to sovereign immunity.

The Fidanzas contend that PennDot's actions and lack of action fell within the real estate exception to sovereign immunity found at 42 Pa.C.S. § 8522(b)(4) and, therefore, it is not immune from liability. That section provides that liability may be imposed on a Commonwealth party and the defense of sovereign immunity will be waived when the damages are caused by:

A *dangerous condition of* Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property leased by a Commonwealth agency to private persons, *and highways under the jurisdiction of a Commonwealth agency.*

Specifically, the Fidanzas argue that PennDot's failure to ensure proper shoulders, install guardrails and remove debris from the side of the road created a dangerous condition of the highway. PennDot, however, argues that the Fidanzas' injuries were caused by the actions of the other driver, not by a dangerous condition of Route 841.

While 42 Pa.C.S. § 8522(b)(4) informs that sovereign immunity will be waived when a dangerous condition of real estate causes an

---

5. As to whether the Fidanzas would have a cause of action against PennDot for violation of a statutory duty (without PennDot having the availability of the sovereign immunity defense), PennDot only has a general statutory duty to maintain and repair all roads and highways under its jurisdiction. *See* Section 407 of the State Highway Law,

Act of June 1, 1945, P.L. 1242, 36 P.S. § 670–407 and Section 2002 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 512(8). There are no statutes mandating PennDot to provide a shoulder on a roadway, install guardrails or keep the berm of state roadways free of debris.

injury, nowhere in the statute is "dangerous condition" defined. However, this court in *Wyke v. Ward,* 81 Pa.Commonwealth Ct. 392, 399, 474 A.2d 375, 379 (1984), a case involving a highway injury allegedly the result of an intersection without a traffic signal, quoting from a plurality opinion in *Mistecka v. Commonwealth,* 46 Pa.Commonwealth Ct. 267, 273, 408 A.2d 159, 162 (1979), defined a dangerous condition as follows:

> Among the ordinary meanings of the "condition" is reference to "a state of affairs that hampers *or* impedes *or* requires correction." Webster's New Collegiate Dictionary 235 (1977). Most importantly, it is clear that the circumstances here give rise to a condition which is related to travel on the highway and is conceivably correctable.[6]

Expanding somewhat on that definition, our Supreme Court in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), has held that in order for the real estate exception to apply, the dangerous condition must derive, originate from or have as its source the Commonwealth realty. *See also Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994). Further, the exception does not apply where the injury is merely facilitated by the dangerous condition of the real estate and not caused by it. Several years later, specifically citing to the common law principle referred to in *Snyder* that a commonwealth party is required to maintain its streets in a reasonable safe condition for travel, the Supreme Court in *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992), *reargument denied,* held that liability could be imposed on the commonwealth party if it allowed the dangerous condition to continue to exist that injured a member of the travelling public. Just as important, the court held that the question of what constitutes a dangerous condition is a question of fact, not law, and is to be decided by the fact finder.[7] *See also McCalla v. Department of Transportation,* 538 Pa. 527, 649 A.2d 646 (1994); *Majestic v. Department of Transportation,* 537 Pa. 81, 641 A.2d 295 (1994).

Because the fact finder is to determine whether the conditions alleged by the Fidanzas are dangerous, as well as whether the action by the other driver of swerving into their lane of traffic was unforeseeable, the decision of the trial court granting PennDot's motion for summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

### ORDER

AND NOW, this 7th day of March, 1995, the order of the Court of Common Pleas of

---

**6.** Other jurisdictions have explicit statutory language defining "dangerous condition." Pursuant to Section 835 of the California Government Code, a public entity is liable for injury caused by a dangerous condition of its property created by a negligent or wrongful act or omission of its employee acting within the course and scope of his employment. Section 830(a) of that same Code defines "dangerous condition" as a condition of property which creates a substantial risk of injury when the property is used in a foreseeable manner with due care. *See Cameron v. State of California,* 7 Cal.3d 318, 102 Cal.Rptr. 305, 497 P.2d 777 (1972).

Similarly, in Colorado, under Section 24–10–106(1)(d) of the Colorado Governmental Immunity Act, sovereign immunity is waived by a public entity in an action for injuries resulting from a dangerous condition of a public highway, road or street which physically interferes with the movement of traffic on the paved portion of any public highway, road or street. Under Section 24–10–103(1) of that same Act, dangerous condition is defined as follows:

"Dangerous condition" means a physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility. For the purpose of this subsection (1), a dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered.

*See State of Colorado v. Moldovan,* 842 P.2d 220 (Colo.1992).

**7.** The court also noted that "Nothing in this Opinion is intended to preclude a court from entering judgement in those cases where the facts establish as a matter of law that a dangerous condition did not exist." *Id.,* 531 Pa. at 185, note 6, 611 A.2d at 1187, note 6.

Chester County, dated April 20, 1994, No. 88–09601, is reversed, and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.