## Bucon v. East Stroudsburg University of Pennsylvania

14

C.P of Monroe County, no. 2281 Civil 1994 and no. 2230 Civil 1994.

*David J. Truelove,* for plaintiffs.
*William A. Slotter,* for defendant East Stroudsburg University.
*Gerald R. Witcomb* and *Thomas V. Casale,* for defendant East Stroudsburg Borough.

O'BRIEN, *J.,* January 10, 1997—Sometime after 10 p.m. on September 25, 1992, two East Stroudsburg University students were struck by a motor vehicle while they were walking northbound along Smith Street in the Borough of East Stroudsburg, Monroe County, Pennsylvania and subsequently died from the resulting in-

juries. The resulting investigation determined that the decedents were walking northbound in the cartway, under an umbrella, on a rainy night with their backs to traffic when they were struck by a northbound vehicle driven by Laura L. Laubner. Although there was a two-foot wide paved shoulder on the east side of the roadway and a five-foot wide shoulder on the west side, the girls were walking in the cartway. Expert reports filed of record by counsel for plaintiffs placed the speed of the Laubner vehicle at 44 to 52 mph while the posted speed limit at that location was 25 mph.

In September 1994, the parents of the decedents, Kathryn R. Lewis and Denise Bucon, filed separate complaints alleging negligence against East Stroudsburg University and the Borough of East Stroudsburg and seeking monetary damages for their daughters' deaths. When the defendants filed joinder complaints against the motor vehicle operator, Laura L. Laubner, Laubner filed an answer attaching a joint tort-feasor release evidencing payment by her of the sum of $100,000 to each of the decedents' estates.

Following closing of the pleadings and two years of discovery proceeding, both defendants have filed motions for summary judgment predicated on their respective governmental immunity statutes. Following the submission of briefs and oral arguments, the motions of both defendants for summary judgment are now before the court for disposition.

Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

*"Rule 1035.2 Motion*

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issue to be submitted to a jury."

Summary judgment is a means to eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 691 (1989). The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists and that they are entitled to summary judgment as a matter of law. *Krug v. City of Philadelphia,* 152 Pa. Commw. 475, 620 A.2d 46 (1993). A material fact is one which affects the outcome of the case. *Beach v. Burns International Security Services,* 406 Pa. Super. 160, 593 A.2d 1285 (1991). In deciding a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party and summary judgment may only be entered in cases where the right is clear and free from doubt. *O'Brien Energy v. American Employers' Insurance Co.,* 427 Pa. Super. 456, 629 A.2d 957 (1993); *American States v. Maryland Casualty Co.,* 427 Pa. Super. 170, 628 A.2d 880 (1993).

Both Lewis and the Bucons allege that the university and the borough are negligent because they permitted the existence of unsafe conditions in and around the portion of Smith Street on which the accident occurred. Specifically, it is alleged that the university and the

borough failed to install proper sidewalks and failed to provide adequate lighting along Smith Street.

The university is a Commonwealth party as defined at 42 Pa.C.S. §8501, and, in this Commonwealth, a party may bring a claim against a Commonwealth party only where the Commonwealth has specifically waived sovereign immunity as enumerated in 42 Pa.C.S. §8522. The pertinent exception applicable in the case at bar is section 8522(b)(4) which provides as follows:

*"(b) Acts which may impose liability.*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

*"(4) Commonwealth real estate, highways and sidewalks.*— A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)."

Because the legislature intended to exempt the Commonwealth from immunity only in specific, clearly defined situations, we must strictly construe this real property exception. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). The unambiguous language of section 8522(b)(4) in relevant part provides "A dangerous condition of Commonwealth agency real estate . . . ." The Pennsylvania Supreme Court in *Snyder* held that these key words indicate that for the real estate exception to apply, the dangerous condition must derive, originate from or have as its source the Commonwealth realty. *Id.*

The university correctly argues that because the street lighting was the subject of an agreement between the borough and Pennsylvania Power and Light Company, according to the articles of agreement attached to the borough's response no. 1 of its response to request for production of documents, it is not university property. (University motion for summary judgment, exhibit E.) Accordingly, because the street lighting is not university property, it is not "a dangerous condition of Commonwealth agency real estate" as the statute requires. Similarly, the university correctly asserts that because the borough, not the university, owns Smith Street, injury to plaintiffs' decedents did not occur on Commonwealth realty. Thus, because the decedents were struck in the northbound lane of Smith Street and not on Commonwealth property, the exception to sovereign immunity enumerated in section 8522(b)(4) is inapplicable. Therefore, the motion of East Stroudsburg University for summary judgment must be granted.

Actions against the Borough of East Stroudsburg are regulated by the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8541-8564. The Pennsylvania Supreme Court has held that that Act: "is a legislatively imposed shield of government immunity against any damages on account of any injury to any person or property by any act of a local agency or employees thereof or any other person, except as provided in the statute itself. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). Because of the clear intent to insulate government from exposure to tort liability for any of its acts, exceptions carved out by the legislature from this general rule are strictly construed. *Love v. City of Philadelphia,* 518 Pa. 370,

543 A.2d 531 (1988); *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989)." *Kiley by Kiley v. City of Philadelphia,* 537 Pa. 502, 505-506, 645 A.2d 184, 185-86 (1994).

The pertinent exceptions to the statute which plaintiffs argue expose the borough to liability are the exception to real property, sidewalks and street lighting, 42 Pa.C.S. §8542(b)(3), (b)(4) and (b)(7), which provide:

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in possession of the local agency. As used in this paragraph, 'real property' shall not include:

"(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

"(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights of way;

"(iii) streets; or

"(iv) sidewalks.

"(4) *Trees, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circum-

stances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

"(7) *Sidewalks.*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable."

The Borough of East Stroudsburg contends that the sidewalk exception does not apply because the alleged dangerous condition itself did not cause the accident. In support of this argument, the borough relies upon the following pronouncement by our Supreme Court in *Kiley v. City of Philadelphia, supra:* "we have required a showing that the artificial condition or defect of the land itself caused an injury, not merely that it facilitates injury by acts of others, because their acts are outside the scope of the Tort Claims Act. *Mascaro; Snyder.* The same can be said for the sidewalk exception inasmuch as we have applied this standard to an interpretation of the sovereign immunity statute's real estate, highway and sidewalk exception, 42 Pa.C.S. §8522(b)(4), and because we have indicated that we would interpret both statutes consistently where they

deal with similar subject matter." *Id.* at 506-507, 645 A.2d at 186.

In *Kiley, supra,* an action was brought against the city and others for injuries sustained by a child who was struck by an uninsured motorist as he walked in the street because the city had barricaded the sidewalk in a demolition area without providing an alternative walk area. In that case, the court held that for the sidewalk exception to apply, there must be a showing that the artificial condition or defect of the land itself caused the injury, not merely that it facilitated injury by acts of others, because their acts are outside the scope of the Tort Claims Act. The Pennsylvania Supreme Court granted the city's motion for summary judgment because at most, the condition of the sidewalk merely facilitated injuring the child and "as we have made clear such acts are outside the scope of the exceptions to the Political Subdivision Tort Claims Act." *Id.* at 508-509, 645 A.2d at 187. Thus, in the case at bar, as in *Kiley,* the borough contends that because the absence of the sidewalk on Smith Street did not cause the accident, the accident is outside the scope of the Political Subdivision Tort Claims Act.

The plaintiffs contend that *Kiley* is inapposite to the case at bar because in *Kiley* the issue was one of a defect of an existing sidewalk, and the issue in the present case is one of failure to install a sidewalk. The plaintiffs argue that the Commonwealth Court's decision in *Fidanza v. PennDOT,* 655 A.2d 1076 (Pa. Commw. 1995), *alloc. denied,* 542 Pa. 677, 668 A.2d 1138 (1995), is analogous to the instant case because *Fidanza* involved a claim against PennDOT for its failure to provide a guardrail and proper shoulders on an

existing highway. In that case, the Commonwealth Court held that the question of whether the conditions alleged by the Fidanzas are dangerous is for the jury to decide.

Plaintiffs' reliance on *Fidanza* is misplaced. Although the court held that the issue of what constitutes a dangerous condition is a question of fact to be decided by the jury, the *Fidanza* decision also reaffirms the proposition that "the exception does not apply where the injury is merely facilitated by the dangerous condition of the real estate and not caused by it." *Id.* at 1080. In the case at bar, the absence of a sidewalk on Smith Street, dangerous or otherwise, did not cause the accident itself but, at most, merely facilitated the accident. Thus, we agree with the borough that the sidewalk exception does not apply.

The Borough of East Stroudsburg also contends that the street lighting exception [Pa.C.S. §8542(b)(4)] does not apply because no evidence has been established that "the dangerous condition [that] created a reasonably foreseeable risk of the kind of injury which was incurred . . . ." On the contrary, plaintiffs' own expert report contains the following relevant conclusion: "[w]ithin the bounds of reasonable certainty, and subject to change if additional information becomes available, it is my professional opinion that if Laubner had been traveling at the speed limit of 25 mph, it would have been possible under the existing visibility conditions, to detect and react to the pedestrians in time to avoid collision. However, at a speed of greater than 44 mph, there would not have been sufficient time/distance to implement an appropriate avoidance response. . . ." (Hostetter report, p. 5.)

In view of the foregoing expert conclusion and the holding of our Supreme Court in *Kiley v. City of Philadelphia, supra,* it is apparent that there is no basis to

impose liability on the Borough of East Stroudsburg within the parameters authorized by the Political Subdivision Tort Claims Act. Therefore, we decline counsel for plaintiffs' request to afford more time for discovery with respect to maintenance or operation of the street lighting at that location in the borough. The parents of the deceased have settled their claims with the speeding motorist who was responsible for this tragic accident. There is no legal basis for the plaintiffs' actions to continue against the Borough of East Stroudsburg.

## ORDER

And now, January 10, 1997, the defendants' motions for summary judgment are granted and it is ordered as follows:

(1) Judgment is entered in favor of East Stroudsburg University of Pennsylvania and against all other parties to this proceeding.

(2) Judgment is entered in favor of the Borough of East Stroudsburg and against all other parties to this proceeding.