646 A.2d 71

**Luis MIRANDA, Appellant,**

**v.**

**CITY OF PHILADELPHIA and Commonwealth of Pennsylvania and Department of Transportation.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided July 21, 1994.

No appearance for the appellant.

Kate M. Johnson Norton, Deputy Atty. Gen., for appellees.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Luis Miranda appeals from an order of the Court of Common Pleas of Philadelphia County which granted the Motion to Dismiss filed by the Department of Transportation (DOT).

On January 8, 1990, Miranda, who was alone at the time, was injured when he stepped into an allegedly snow-covered opening or excavation in the cartway of Fifth Street near Cambria Street in Philadelphia. Fifth Street was a state-designated highway at the time of Miranda's fall. As a result of his accident, Miranda filed suit against the City of Philadelphia and DOT. Miranda subsequently agreed to dismiss the City as a defendant. In his complaint, Miranda alleged that the accident site was under the care, control, and supervision of DOT, which was negligent in allowing the site to remain in an unsafe condition. DOT filed a Motion to Dismiss on the grounds that it was immune from suit.

At a subsequent argument on the merits of the motion, Miranda stipulated that the excavation work at the site had been done by the Philadelphia Gas Works (PGW) on an emergency basis.[1] PGW notified the City of Philadelphia, Department of Streets, of its excavation and received a permit for the work, but DOT was never notified of the excavation, a fact undisputed by Miranda. Miranda was injured thirteen days after PGW received its permit, on December 26, 1989, to excavate from the City. PGW's excavation permit stated that it assumed liability for any injuries caused by its excavation.[2]

---

1. Miranda did not file suit against PGW because, by the time he had discovered that PGW was responsible for the excavation, the statute of limitations had run.

2. The excavation permission form reads as follows: "Permission is hereby granted to Philadelphia Gas Works to open the following high-

At the conclusion of the argument on December 16, 1992, the trial court found that there was no factual dispute, that DOT had no notice of the excavation and that Miranda's injuries did not fall within the real estate exception to sovereign immunity, Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4). Because Miranda's complaint failed to state a cause of action against DOT, the trial court dismissed the action. This appeal followed.

On appeal,[3] Miranda argues the trial court erred in sustaining the demurrer for the following reasons: (1) a compulsory nonsuit, as Miranda describes DOT's Motion to Dismiss, may not be entered at the commencement of a trial on the basis that plaintiff's proposed evidence is insufficient to sustain his cause of action; and (2) that DOT was not protected by sovereign immunity.

In an appeal where a compulsory nonsuit in the form of a demurrer has been granted by the trial court, this Court must accept as true all well-pled facts set forth in the complaint, but is not required to accept as true the legal conclusions contained therein. *Rizzo v. Michener*, 401 Pa.Superior Ct. 47, 584 A.2d 973 (1990), *petition for allowance of appeal denied*, 528 Pa. 613, 596 A.2d 159 (1991). Where the complaint fails to state a cause of action, a nonsuit may be granted only in clear cases, free of doubt or reservation. *Id.*

Miranda's first argument is that, procedurally, a nonsuit may not be entered prior to trial and before plaintiff has presented his evidence where the plaintiff's proposed evidence is alleged to be insufficient to maintain an action, citing *Ruhe v. Kroger Co.*, 425 Pa. 213, 228 A.2d 750 (1967). First, *Ruhe* is inapposite because the trial court granted the nonsuit on the

ways for the purpose of installing mains or services. The Permittee agrees to be responsible for all injuries to persons or damage to property which may be caused by this work and to comply with all ordinances and regulations governing the opening, restoration and maintenance of highway paving."

3. In reviewing the trial court's grant of what is essentially a demurrer, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Ryan v. City of Philadelphia*, 77 Pa.Commonwealth Ct. 283, 465 A.2d 1092 (1983).

ground that the plaintiff's *proof* was legally insufficient, not on the ground that the plaintiff failed to state a cause of action in his pleadings. In fact, the Supreme Court, on appeal, specifically found that the plaintiff in *Ruhe* had sufficiently pled his case, and, for that reason, reversed the trial court's grant of a compulsory nonsuit and held that the plaintiff must have an opportunity to present his case. In the case now before us, DOT contended that, admitting Miranda's evidence as true, Miranda failed to state a cause of action against DOT.

Second, we have explicitly held that Pa.R.C.P. No. 212 which authorizes pretrial conferences, further authorizes the trial court to settle issues of law based on undisputed facts. *Hunt v. Commonwealth, Department of Transportation,* 137 Pa.Commonwealth Ct. 588, 587 A.2d 37, *petition for allowance of appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991). In *Hunt,* DOT submitted a motion to dismiss at a pretrial conference held on the very day of trial, which is similar to what occurred here. The trial court concluded that, as a matter of law, the facts that the plaintiffs were attempting to prove were insufficient to state a cause of action against DOT and dismissed the case. Because the circumstances in the present case are nearly identical, we conclude that *Hunt* is controlling and that it was not, therefore, procedural error for the trial court to consider DOT's motion prior to allowing plaintiff to present his case.

Miranda's second argument is that DOT was not shielded from liability by the sovereign immunity section of the Judicial Code, 42 Pa.C.S. § 8521–8528. Under the Code, in order to maintain an action against a Commonwealth agency, a plaintiff must show first, that the damages sought would be recoverable under common law or under a statute creating a common law cause of action against one not having an immunity defense, and second, that the injury falls within one of the exceptions to the general grant of immunity to the Commonwealth. 42 Pa.C.S. § 8522(a); *see Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). We must, therefore, determine first whether Miranda has a cause of action against DOT.

■ Here, Miranda alleges that DOT was negligent by allowing the street to remain in a dangerous condition and we examine these allegations under the basic standard encompassing the elements of a cause of action in negligence: (1) a duty recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure of the actor to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interests of another. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).

■ Regarding the duty which DOT owed to Miranda, the Restatement (Second) of Torts § 342 (1965), adopted by the Supreme Court in *Sharp v. Luksa,* 440 Pa. 125, 269 A.2d 659 (1970), provides in relevant part:

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land, if, but only if,

(a) *the possessor knows or has reason to know of the condition* and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know of or have reason to know of the condition and the risk involved. (Emphasis added.)

The possessor of land will be liable only if *all* of the criteria are met. *Himes v. New Enterprise Stone & Lime Co.,* 399 Pa.Superior Ct. 301, 582 A.2d 353 (1990), *petition for allowance of appeal denied,* 527 Pa. 617, 590 A.2d 758 (1991).

■ Here, Miranda forthrightly admits that DOT did not know of the excavation and did not receive actual notice. Miranda, however, would have us find that DOT had *constructive* notice of the condition, solely on the basis that DOT owns the street and is responsible for its maintenance. Miranda, however, cites no authority for such a proposition nor has our research uncovered any statute or rule of law which would impose constructive notice of a dangerous condition on a

Commonwealth entity simply by virtue of its ownership of a certain piece of real estate. To hold the Commonwealth to a higher standard than a private landowner, in such circumstances, would be contrary to the legislature's express intention to generally insulate Commonwealth parties from liability. *See Mascaro.* The trial court found that 13 days was simply too brief a period upon which to conclude that DOT should have had reason to know of the dangerous condition of the street at issue and, lacking the essential element of notice, Miranda's complaint fails to state a cause of action against DOT. Given the undisputed facts, we cannot say that this conclusion was an error of law or an abuse of discretion.

█ Furthermore, the Supreme Court in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992), stated that, "the criminal *and negligent* acts of third parties are superseding causes which absolve the original actor from liability for the harm caused by such third parties." *Id.* at 130–31, 611 A.2d at 695 (emphasis added); *accord Mascaro.*[4] In this case it is undisputed that DOT was in no way directly or actively involved with the excavation and took no affirmative action whatsoever. It is likewise undisputed that PGW was the entity which undertook the excavation. Because Miranda asserts in his complaint that the street was negligently maintained and allowed to remain in an unsafe condition, the only logical conclusion is that any negligence must have been on the part of PGW, not DOT. Absent other evidence, if PGW's negligence was the proximate cause of the injury, its negligence absolves DOT of liability. *Dickens; Canizares v. City of Philadelphia*, 162 Pa.Commonwealth Ct. 444, 639 A.2d 882 (1994).

█ Finally, it is clear the DOT is only being sued in its official capacity as owner of the street and not as the result of any action on its part. The Supreme Court has held that, "if the claim against the government unit is dependent merely

4. We note in passing that both *Dickens* and *Mascaro* are governmental immunity cases, not sovereign immunity cases, but our Supreme Court has held that both immunity statutes are to be interpreted consistently. *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992).

upon the unit's status, as opposed to the action fitting with one of the statutory exceptions, then the language of § 8541 [here, Section 8521 [5]] would preclude the imposition of liability." *Crowell*, 531 Pa. at 413, 613 A.2d at 1184. Under this rationale, DOT would similarly be shielded from liability. At most, DOT committed an act of omission, which we have held is insufficient to establish liability. *Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197 (1993). In *Powell*, Judge Pellegrini, writing for the Court, stated:

> *Crowell* then establishes the principle that for a governmental unit to be held liable, active fault that has a direct nexus to the plaintiff is required on the part of the governmental unit to impose liability. Mere failure to act will not act to impose such liability.

*Id.* at 581, 621 A.2d at 1203 (footnote omitted). Without active fault on the part of DOT, concededly absent here, liability may not be imposed upon it.

Based upon the foregoing discussion, we affirm the order of the trial court.

### *ORDER*

NOW, July 21, 1994, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

**5.** Section 8521(a) of the Judicial Code provides the following:

(a) **General rule.**—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

42 Pa.C.S. § 8521(a).