## Knecht v. Durso

C.P. of Monroe County, no. 2383 Civil 1999.

*Janet Jackson,* for plaintiff Knecht.

*Jay Barry Harris,* for defendant Durso.

*William A. Slotter,* for additional defendant PennDOT.

*Joseph F. McNulty Jr.,* for additional defendant Blooming Glen.

WALLACH MILLER, *J.,* May 15, 2000—Plaintiff, Ralph M. Knecht Sr., sustained severe injuries on September 19, 1997 when he was run over by a dump truck which was backing up on a section of Interstate Highway 80 during a repair project. He filed a complaint on April 7, 1999 naming as defendants, Michael Durso d/b/a Durso Trucking Company and John David, the driver. Following a period of preliminary discovery by the parties, on September 13, 1999, defendants Durso and David filed a motion for leave to join additional defendants, the Commonwealth of Pennsylvania, Department of Transportation and Blooming Glen Contractors Inc. This court granted that motion and the joinder complaint was filed on September 27, 1999, followed by an amended complaint on November 8, 1999.

Both additional defendants filed preliminary objections to the amended complaint, and Durso and David filed a second amended complaint. Again, both additional defendants filed preliminary objections which were sustained by this court on January 7, 2000. Durso and David filed a third amended complaint, and once again both additional defendants have filed preliminary objections. We heard oral argument on these preliminary objections on March 6, 2000, and following a review of the parties' briefs and the relevant Pennsylvania law, we are now prepared to dispose of this matter.

The Commonwealth of Pennsylvania, Department of Transportation first objects that the joinder complaint should be dismissed, because it was filed after the 60-day period allowed for permissive joinder under Pa.R.C.P. 2253. Rule 2253 specifies:

"Except as provided by Rule 1041.1(e) [relating to asbestos litigation], neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In the instant case, plaintiff first completed service of his complaint to original defendants on April 19, 1999. Durso and David filed their motion for leave to join additional defendants on September 13, 1999, more than four months after Durso and David received plaintiff's complaint. Durso and David justified the timing of their motion on the grounds that only after engaging in discovery following receipt of plaintiff's complaint did they fully understand the extent of PennDOT's and Blooming Glen Contractors' involvement in the construction job. This court granted Durso and David's motion for leave to join additional defendants PennDOT and Blooming Glen Contractors Inc.

Both our Supreme and Superior Courts have consistently held that a determination of whether a defendant has shown sufficient cause to excuse a joinder after the 60-day period allowed by Pa.R.C.P. 2253 is a matter within the sound discretion of the trial court. *Zakian v. Liljestrand,* 438 Pa. 249, 255, 264 A.2d 638, 641 (1970); *Kirsch v. Parking Authority of New Castle,* 108 Pa. 259, 263, 529 A.2d 604, 606 (1987), *allocatur denied,* 517 Pa. 619, 538 A.2d 501 (1988); *Exton Development v. Sun Oil Company of Pennsylvania,* 363 Pa. Super. 17, 20, 525 A.2d 402, 403 (1987). In *Zakian,* the court recognized that Pa.R.C.P. 2253 does not specify what is

sufficient cause for an extension, nor does the rule list factors that a court is to consider when making a determination under Rule 2253. *Id.* at 255-56, 264 A.2d at 641. Accordingly, *Zakian* held that courts deciding a Rule 2253 motion should be guided by the purpose and objectives of Rule 2253: to simplify and expedite litigation involving multiple parties, without subjecting the original plaintiff to unreasonable delays. *Id.* at 256, 264 A.2d at 641.

Our Superior Court has further held that the length of the delay is not necessarily determinative, rather it must be viewed in the context of the particular case. *Kirsch,* 108 Pa. Commw. at 263, 529 A.2d at 607. In the instant case, Durso and David's motion for leave to join was filed 91 days after the 60-day period allowed for permissive joinder. This court found that Durso and David's delay in filing their motion for leave to join was justified, due to their averments that it was the discovery process that led to their belief that PennDOT and Blooming Glen Contractors may have been involved in the conduct causing plaintiff's injuries. Under the discretion allowed to this court through *Zakian, Kirsch,* and *Exton Development, supra,* we confirm our finding that Durso and David have shown sufficient cause to satisfy the requirements of Pa.R.C.P. 2253. PennDOT's first objection is thus dismissed.

PennDOT's second preliminary objection is in the nature of a demurrer. The standards of review for a demurrer are well established in Pennsylvania law. A demurrer admits every well-pleaded material fact contained in the challenged pleadings, as well as all inferences reasonably deducible therefrom, but does not admit conclusions of law. *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976); *Gabel v. Cambruzzi,* 532 Pa. 584, 616 A.2d 1364 (1992). For a

demurrer to be sustained, it must be clear from the facts averred on the face of the challenged pleading that the plaintiff cannot prevail and that the law will not permit the recovery sought by the plaintiff. *Wells v. SEPTA,* 105 Pa. Commw. 115, 523 A.2d 424 (1987). If there is any doubt whether a demurrer should be sustained, then the doubt should be resolved in favor of overruling the demurrer. *Gekas,* 469 Pa. at 6, 364 A.2d at 693; *Gabel,* 532 Pa. at 588, 616 A.2d at 1367; *Wells,* 105 Pa. Commw. at 118, 523 A.2d at 426. In the instant case, PennDOT asserts that under the facts pled in Durso and David's joinder complaint, PennDOT cannot be held liable to either plaintiff or Durso and David for the injuries sustained by plaintiff. We agree, and thus sustain PennDOT's second preliminary objection.

In order to maintain an action against a Commonwealth party, a plaintiff must establish: (1) that the damages sought would be recoverable against one not having an immunity defense, and; (2) that the injury falls within one of the exceptions to the general grant of immunity enjoyed by the Commonwealth. *Miranda v. City of Philadelphia,* 166 Pa. Commw. 181, 186, 646 A.2d 71, 74 (1994), citing *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

In the instant case, the pleadings concerning PennDOT in Durso and David's joinder complaint aver that PennDOT "owned, operated, leased, managed, controlled and/ or maintained" the construction site at issue, which was a section of Interstate 80, and that PennDOT contracted with Blooming Glen Contractors to have repair work done at the construction site. Third amended complaint of defendants, ¶¶10, 11. The pleadings further aver that Blooming Glen Contractors contracted with Durso and David to remove milled asphalt from the construction

site, and that plaintiff was injured at the construction site when a truck owned by Durso and operated by David struck plaintiff while plaintiff was in the scope of his employment for a subcontractor named Haines and Kibblehouse. Third amended complaint of defendants, ¶¶14, 18. The pleadings also aver that PennDOT "had notice of the risk of unreasonable harm at the construction site" and that PennDOT inspected the construction site during the performance of the contract and on the morning of plaintiff's injuries. Third amended complaint of defendants, ¶¶13, 19. Durso and David further allege that PennDOT was negligent by:

"Failing to design, construct, and maintain the construction site in a reasonably safe condition; failing to correct a dangerous condition which it knew or should have known to be dangerous; failing to erect any barrier, railing, guard, or other similar devices for the protection of persons from the dangerous condition; failing to post warning signs in the immediate area notifying persons of the dangerous condition; failing to provide adequate lighting on the construction site; failing to maintain proper safety procedures on the construction site; failing to properly train their agents, servants, workmen and/ or employees on the construction site; and failing to remedy a known dangerous and defective condition until after actual and/or constructive notice thereof." Third amended complaint of defendants, ¶¶33(a-h).

Durso and David assert that PennDOT's alleged negligence makes PennDOT jointly or severally liable for plaintiff's injuries. Third amended complaint of defendants, ¶34.

Taking Durso and David's averments as being true, which we are constrained to do at this preliminary stage, the pleadings are sufficient to satisfy the first element of

a suit against the Commonwealth, because they sufficiently allege a cause of action for negligence. Under Pennsylvania law, the elements required for a negligence action are: (1) a duty recognized by law; (2) a failure of the actor to conform to the standard required by such duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damages to another person. *Miranda,* 166 Pa. Commw. at 187, 646 A.2d at 74. Durso and David have alleged that PennDOT owned and/or managed the relevant property, that as the owner and/or manager of the property, PennDOT had a duty to maintain safe working conditions on the property, that PennDOT breached the duty to maintain safe working conditions, and that the breach caused plaintiff to suffer substantial injuries. Under *Miranda, supra,* these averments satisfy the pleading requirements for a negligence action.

Nonetheless, we hold that Durso and David have failed to state a valid cause of action against PennDOT, because their pleadings, even taken as being true, do not satisfy the second prong of the *Miranda* analysis: that the injury falls within one of the exceptions to the general grant of sovereign immunity. The Pennsylvania General Assembly has reaffirmed that: "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. §2310. As an agency of the Commonwealth of Pennsylvania, PennDOT is defined as a "Commonwealth party" for the purposes of sovereign immunity. 42 Pa.C.S. §8501. Accordingly, PennDOT is immune from suit for any causes of action not specifically listed under the statutory exceptions to sovereign

immunity, which are set forth in 42 Pa.C.S. §8522. That statute specifies:

"The General Assembly . . . does hereby waive, in the instances set forth in subsection (b) . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law . . . if the injury were caused by a person not having available the defense of sovereign immunity."

The only exception to sovereign immunity applicable from the pleadings in the instant case is 42 Pa.C.S. §8522(b)(4), which waives immunity for injuries caused by:

"*Commonwealth real estate, highways and sidewalks*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased to private persons, and highways under the jurisdiction of a Commonwealth agency . . . ."

Our appellate courts have consistently held that courts must strictly and narrowly interpret the statutory exceptions to sovereign immunity, because the legislative intent underlying the doctrine of sovereign immunity is to insulate the Commonwealth and its subdivisions from liability. *Finn v. City of Philadelphia*, 541 Pa. 596, 601, 664 A.2d 1342, 1344 (1995) (citations omitted), see also, *Thomas v. City of Philadelphia*, 668 A.2d 292 (Pa. Commw. 1995). Pursuant to a strict interpretation of 42 Pa.C.S. §8522(b)(4), the Pennsylvania courts have distinguished between injuries caused by conditions "of " Commonwealth-owned property, from those injuries caused by conditions that are merely "on" property owned by the Commonwealth. See *Osborne v. Cambridge Town-*

*ship,* 736 A.2d 715, 722-23 (Pa. Commw. 1999), *re-argument denied; Mason & Dixon Lines Inc. v. Mognet,* 166 Pa. Commw. 1, 645 A.2d 1370 (1994), and *Finn, supra.*

In a recent decision, our Commonwealth court carefully analyzed the case law concerning the distinction of "on" the property versus "of " the property, and held that an action may only be maintained against a Commonwealth party for injuries caused by conditions "of " the property. *Osborne,* 736 A.2d at 722-23. By way of example, the *Osborne* court explained that conditions such as oil and grease accumulating on a city sidewalk, or a cow wandering onto a highway and causing a motor vehicle accident, are conditions that are merely "on" the Commonwealth-owned property, and thus may not give rise to an exception to sovereign immunity under 42 Pa.C.S. §8522(b)(4). The *Osborne* court quoted the following from our Supreme Court:

"[I]t is not enough to assert that the [real property] constituted a dangerous condition . . . . We have consistently maintained our views that the focus of the negligent act involving the use of government owned or controlled land . . . must be the actual defect of the land itself and that the rule of immunity can be waived in those cases where it is alleged that the artificial condition or defect of the land itself causes the injury." *Osborne,* 736 A.2d at 723, quoting *Kiley v. City of Philadelphia,* 537 Pa. 502, 508, 645 A.2d 184, 187 (1994).

Put another way, the injury must be directly caused by a condition that was inherent in the government property itself, such that the injury was "deriving, originating from, or having the realty as its source . . . ." *Osborne,* 736 A.2d at 723, citing *Finn, supra.* Furthermore, the determination of whether a dangerous condition is "of "

the property versus "on" the property is a matter of law for a court to determine: not a matter of fact that must be decided by a finder of fact. *Osborne,* 736 A.2d at 722.

In the instant case, Durso and David's pleadings aver that plaintiff was injured when a truck struck him while he was working to repair a section of Interstate Highway 80. The pleadings further aver that many general acts of negligence were committed by PennDOT during the time period leading up to plaintiff's injury, including failing to provide adequate lighting, supervision, training, planning, barriers, and warning signs. All of these averments merely describe conditions that are *on* the property, not conditions that are inherently *of* the property. Under *Osborne; Mason & Dixon Lines Inc.; Finn* and *Kiley, supra,* we hold that plaintiff's averments do not plead a valid cause of action against PennDOT, because they do not sufficiently establish that the conduct at issue fits under the exception to immunity allowed by 42 Pa.C.S. §8522(b)(4). Accordingly, PennDOT's second preliminary objection is sustained.

PennDOT also filed a third preliminary objection, which asserts that Durso and David failed to obey the January 7, 2000 order. PennDOT asserts that in the third amended complaint, Durso and David have re-averred verbatim sections of the second amended complaint that were stricken by the January 7, 2000 order. The result of our sustaining PennDOT's demurrer is that the joinder complaint against PennDOT is dismissed, so PennDOT's third preliminary objection is moot. Accordingly, we enter the following order.

## ORDER

And now, May 15, 2000, additional defendant Commonwealth of Pennsylvania, Department of Transportation's

preliminary objection in the nature of a demurrer is sustained, and it is hereby ordered that the third amended joinder complaint of defendants Michael Durso d/b/a Durso Trucking Company and John David against additional defendant Commonwealth of Pennsylvania, Department of Transportation is dismissed.