IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Kaminski,                          :
                                         :
                    Appellant            :
                                         :
            v.                           : No. 1872 C.D. 2017
                                         : Argued:  March 12, 2019
Sosmetal Products, Inc., Milton          :
Soskin, Trustee Under the Soskin         :
Living Trust Dated 11/2/1994,            :
Miriam Soskin, Trustee Under the         :
Soskin Living Trust Dated 11/2/1994      :
and City of Philadelphia                 :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY JUDGE WOJCIK                        FILED:  April 4, 2019


            Donna Kaminski (Kaminski) appeals the order of the Philadelphia

County Court of Common Pleas (trial court) denying her post-trial motions

following a jury verdict against Kaminski and in favor of Sosmetal Products, Inc.

(Sosmetal), Milton Soskin, Trustee Under the Soskin Living Trust Dated

11/2/1994, and Miriam Soskin, Trustee Under the Soskin Living Trust Dated

11/2/1994 (collectively, Defendants).[1]  We affirm.

            On August 15, 2015, Kaminski filed a complaint in the trial court

alleging that, with respect to the public sidewalk abutting Sosmetal's property, "a

---

[1] The City of Philadelphia (City) was originally named as a defendant in the action, but
the parties filed a stipulation dismissing the City on December 8, 2016.

dangerous, negligent and/or defective condition, existed on [D]efendants' premises and sidewalk . . . and [D]efendants knew or should have known of the existence." Reproduced Record (R.R.) at 14a. Kaminski also alleged that she "was lawfully walking on the . . . sidewalk, when by reason of the negligence of the [D]efendants, [she] was caused to trip, slip, stumble and/or fall by reason of a broken, defective, and/or unlevel condition on [D]efendants' premises and sidewalk." *Id.* She asserted that, based on Defendants' negligence, she "was caused to sustain serious physical injury . . . including but not limited to [her] back, neck, shoulder and arm, as well as a severe shock to the nerves and nervous system," as well as aggravation to "pre-existing conditions." *Id.* at 15a. Kaminski attached a photograph as an exhibit depicting the condition of the sidewalk, which shows a ridge between two sections in the paving. *See id.* at 19a.

At trial, Sosmetal admitted that it occupied the property abutting the public sidewalk where Kaminski fell and that it was responsible for the maintenance of the public sidewalk under its lease with the property owners, the Trustees. *See* R.R. at 115a. With respect to the points for charge, Kaminski asked the trial court to issue to the jury Pennsylvania Suggested Standard Civil Jury Instruction (Pa. SSJI (Civ)) 18.80 (2011),[2] relating to a property owner/occupier's duty of care with respect to a defect or unsafe condition of an abutting public sidewalk. However, she objected when the trial court granted Defendants' request

---

[2] Pa. SSJI (Civ) 18.80 states:

> One in possession of land is required to maintain the abutting public sidewalks in a reasonably safe condition to prevent or eliminate any hazardous or unsafe condition that, upon all the circumstances involved, would be an unreasonable risk of harm to pedestrians properly using walks.

2

to issue Pa. SSJI (Civ) 18.00,[3] relating to a property owner/occupier's general duty of care, and Pa. SSJI (Civ) 18.50,[4] relating to an owner/occupier's general duty of care owed to a licensee. *See id.* at 246a-249a.[5]

[3] Pa. SSJI (Civ) 18.00 states:

The standard or level of care owed by an [owner] [occupier] of land to a person who entered the land depends on whether the person who entered was an invitee, a licensee, or a trespasser.

[4] Pa. SSJI (Civ) 18.50 states:

An [owner] [occupier] of land is required to use reasonable care to make the land as safe as it appears, or to disclose to the licensees the risks they will encounter. An [owner] [occupier] of land is liable for harm caused to the licensees by a condition of the land, if

1. the [owner] [occupier] of land knows or has reason to know of the condition, should realize that it involves an unreasonable risk of harm, and should expect that the licensees will not discover or realize the danger, and

2. the [owner] [occupier] fails to use reasonable care to make the condition safe, or to warn the licensees of the conditions and the risk involved, and

3. the licensees do not know or have reason to know of the condition and the risk involved.

[5] In the transcript, the trial court only references Kaminski's objection to Pa. SSJI (Civ) 18.00, *see* R.R. at 247a and 249a, but the transcript shows that all three instructions were issued, *see id.* at 307a, and both parties assert that Kaminski objected to Pa. SSJI (Civ) 18.50 as well. Specifically, the trial court charged the jury as follows:

The standard or level of care owed by an owner or occupier of land to a person who entered the land depends on whether the person who entered was an invitee, a licensee or a trespasser. In this case, the plaintiff was a licensee of the defendant. An owner or occupier of land is required to use reasonable care to make the land as safe as it appears or to disclose to the licensees the risks they will encounter.

**(Footnote continued on next page…)**

3

During deliberations, the jury asked the trial court to define the "three parts" of negligence and whether all three needed to be present to find negligence. *See* R.R. at 322a. As a result, the trial court recharged the jury with respect to Pa. SSJI (Civ) 18.50 and Pa. SSJI (Civ) 18.80. *Id.*

Ultimately, the jury returned a verdict in favor of Defendants and against Kaminski. R.R. at 333a-336a. Subsequently, the trial court denied Kaminski's post-trial motion alleging error with respect to the jury instructions and Kaminski then filed the instant appeal of the trial court's order.[6, 7]

---

**(continued…)**

> An owner or occupier of land is liable to harm caused by the licensees by a condition of the land if: One, the owner or occupier of land knows or has reason to know of the condition, should realize that it involves an unreasonable risk of harm, and should expect that the licensee will not have discovered or realized the danger and; two, the owner or occupier fails to use reasonable care to make the condition safe or to warn the licensees of the condition and the risk involved and; three, the licensees do not know or have reason to know of the condition and the risk involved.

> One in possession of land is required to maintain the abutting public sidewalks in a reasonably safe condition to prevent or eliminate any hazardous or unsafe condition that, upon all the circumstances involved, would be an unreasonable risk of harm to pedestrians properly using the walks.

R.R. at 307a.

[6] Kaminski appealed the trial court's order to the Superior Court, and the matter was transferred to this Court. Section 5103 of the Judicial Code, 42 Pa. C.S. §5103; Pa. R.A.P. 751.

[7] As the Supreme Court has stated:

> In examining jury instructions, our scope of review is to determine whether the trial court committed a clear abuse of

**(Footnote continued on next page…)**

4

Kaminski argues that Pa. SSJI (Civ) 18.80 is the only correct instruction with respect to Defendants' negligence because it specifically applies to sidewalks and the abutting landowner's duty of care. In *Cruz v. Congreso De Latinos Unido, Inc.* (C.P. Phila., No. 1271 Civil Trial Division, filed October 31, 2013), slip op. at 6-7, the trial court held that "[w]here an individual uses a public sidewalk, permissive use is not at issue, and the individual is not a licensee." She submits that, as a result, the trial court erred in issuing Pa. SSJI (Civ) 18.00 and Pa. SSJI (Civ) 18.50 relating to a property owner/occupier's general duty of care and general duty of care owed to a licensee because she was not a licensee. She contends that this is reversible error because it had a tendency to mislead or confuse the jury with respect to the material issue of Defendants' duty of care and ultimate negligence in this case as evidenced by the jury's questions relating to the "three parts" of negligence. Kaminski asserts that *Cruz* is controlling and that the cases that Defendants cite[8] for the proposition that those using a public sidewalk

---

**(continued…)**

> discretion or an error of law controlling the outcome of the case. Error in the jury charge is sufficient ground for a new trial if the charge, taken as a whole, is inadequate, unclear, or has the tendency to mislead or confuse rather than to clarify a material issue. A charge will be found adequate unless "the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error."

*Von der Heide v. Department of Transportation*, 718 A.2d 286, 288 (Pa. 1998) (citations and footnote omitted).

[8] *See Alexander v. City of Meadville*, 61 A.3d 218 (Pa. Super. 2012); *Peair v. Home Association of Enola Legion No. 751*, 430 A.2d 665 (Pa. Super. 1981); *Erb v. Ainslie* (C.P. **(Footnote continued on next page…)**

5

are licensees are distinguishable because they state such in *dicta* and do not address the jury instructions at issue in this case. We do not agree with Kaminski's assertions in this regard.

As the Superior Court has explained:

Pennsylvania case law has established that a pedestrian walking on a public sidewalk is a licensee of the property owner. If a visitor to land is legally classified as a licensee,

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved. Restatement (Second) of Torts §342 [(Am. Law Inst. 1965) (Restatement)].

Liability will only be imposed if all of the criteria in §342 are met.

*Alexander v. City of Meadville*, 61 A.3d 218, 221-22 (Pa. Super. 2012) (citations omitted). *See Miranda v. City of Philadelphia*, 646 A.2d 71, 74 (Pa. Cmwlth. 1994) (holding that Restatement Section 342 was adopted by the Supreme Court in *Sharp v. Luksa*, 269 A.2d 659, 660-61 (Pa. 1970), and that a possessor of land will

---

**(continued…)**

Phila., No. 0519 Civil Trial Division, filed January 14, 2014), *aff'd*, (Pa. Cmwlth., Nos. 1409 C.D. 2013, 328 C.D. 2014, filed June 1, 2015).

only be deemed to be negligent if all of the criteria outlined in Section 342 are proved). *See also Peair v. Home Association of Enola Legion No. 751*, 430 A.2d 665, 667-68 (Pa. Super. 1981) (applying Restatement Section 342 in a negligence action initiated by a pedestrian against an adjacent landowner based on injuries purportedly sustained due to a fall on a sidewalk). As a result, Restatement Section 342 governs any duty that Defendants owed to Kaminski as a licensee with respect to the condition of the sidewalk, and the trial court properly explained the relevant governing legal principles regarding Defendants' purported negligence to the jury through Pa. SSJI (Civ) 18.00, Pa. SSJI (Civ) 18.50, and Pa. SSJI (Civ) 18.80.[9]

Kaminski's assertion that she was not a licensee and that Restatement Section 342 is inapplicable is incorrect, and her reliance on *Cruz* is misplaced because it is not a correct statement of the applicable law regarding her status and Defendants' purported negligence at the time that she sustained her injuries. As

---

[9] As explained in the Subcommittee Note to Pa. SSJI (Civ) 18.50:

Under [Restatement Section 342], landowners are subject to liability for physical harm caused to a person by a condition on their land if

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) the possessor fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved.

7

stated in Comment h(1) of Restatement Section 330, "[i]ncluded under licensees, among others, are . . . [o]ne whose presence upon the land is solely for his own purposes, in which the possessor has no interest, and to whom the privilege of entering is extended as a mere personal favor to the individual, whether by express or tacit consent or as a matter of general or local custom."  Restatement (Second) of Torts §330 cmt. h(1) (Am. Law Inst. 1965).  Thus, the trial court's holding in *Cruz* that an individual is not a licensee with respect to the adjoining landowner when using a public sidewalk is not a correct statement of the law.

As explained in the Subcommittee Note to Pa. SSJI (Civ) 18.50, "Pennsylvania cases define a gratuitous licensee as a person permitted to enter upon land of another solely for his or her own purposes . . . [and] the matter is now covered by section 330, comment h(1), including such persons in the definition of licensee."  (Citations omitted.)  *See also Sharp*, 269 A.2d at 660-61 ("Plaintiff was a gratuitous licensee-the right given him to use the ladder and the loft, not being a part or provision of the lease, was solely for his accommodation, benefit and convenience, and not in any way for the benefit of the defendant.  There was no proof of any latent or concealed defect or of any affirmative negligence, or of any dangerous condition known to defendant and unknown to plaintiff.") (citations omitted); *Palange v. City of Philadelphia*, 640 A.2d 1305, 1308-09 (Pa. Super. 1994) ("On the day in question, [the plaintiff] utilized [the restaurant's] sidewalk for her own purpose of reaching her destination.  At most, [the restaurant] tacitly permitted such use of its sidewalk; in no event, however, did [the restaurant] encourage or desire such use.  Accordingly, under the rubrics of the Restatement rules and the law of this Commonwealth, [the plaintiff] must be categorized as a licensee rather than a public invitee."); *Komlo v. Balazick*, 82 A.2d 706, 709 (Pa.

8

Super. 1951) ("Plaintiff was clearly a gratuitous licensee, as defined in [the former] section 331 of the Restatement of Torts: 'a licensee whose presence upon the land is solely for the licensee's own purposes, in which the possessor has no interest, either business or social, and to whom the privilege of entering is extended as a mere favor by express consent or by general or local custom.'").

Based on the forgoing, it is clear that the requested use of Pa. SSJI (Civ) 18.80, without the additional use of Pa. SSJI (Civ) 18.00 and Pa. SSJI (Civ) 18.50, would not have fully explained to the jury Defendants' duty with respect to Kaminski's use of a public sidewalk adjacent to Defendants' property, and any purported negligence based on injuries flowing from a breach of Defendants' duty with respect to the condition of that sidewalk.[10] The trial court did not commit a clear abuse of discretion or error of law controlling the outcome of this case by issuing the above standard instructions as they fully and correctly explained the applicable law with respect to Kaminski's status at the time of her fall and Defendants' purported duty, negligence, and liability. In sum, the trial court did not err in issuing Pa. SSJI (Civ) 18.00, Pa. SSJI (Civ) 18.50, and Pa. SSJI (Civ) 18.80 to the jury in this case, and Kaminski's claims to the contrary are without merit.

Accordingly, the trial court's order is affirmed.


_____
MICHAEL H. WOJCIK, Judge

---

[10] As explained in the Subcommittee Note to Pa. SSJI (Civ) 18.00, "[t]he obligation to a licensee is that of exercising reasonable care to warn of dangerous conditions known to the possessor, and is therefore distinguished from the obligation to an invitee who has the implied assurance that the land has been made safe." (Citations omitted.)

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Kaminski, :
:
                            Appellant :
:
                     v. : No. 1872 C.D. 2017
:
Sosmetal Products, Inc., Milton :
Soskin, Trustee Under the Soskin :
Living Trust Dated 11/2/1994, :
Miriam Soskin, Trustee Under the :
Soskin Living Trust Dated 11/2/1994 :
and City of Philadelphia :

# **O R D E R**

AND NOW, this 4th day of April, 2019, the order of the Philadelphia County Court of Common Pleas dated August 1, 2017, is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge